FORM B104 (08/07)  2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> KENNETH M. THOMPSON   AND MARIA K. THOMPSON | **DEFENDANTS** <br> TODD ALBERT YOGGY |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> MARTIN F. GOLDMAN <br> 15910 VENTURA BLVD, STE 1525 <br> ENCINO, CA. 91436       310 470 8487 | **ATTORNEYS** (If Known) <br> DANIEL KING <br> 3435 WILSHIRE BLVD <br> LOS ANGELES, CA. 90010     213 388 3887 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor  ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to deny the discharge of the debtor and to deny the dischargability of the indebtedness owed by the debtor to the Plaintiff herein. pursuant to 11USC §§ 727 (a)(4) and 523 (a) (2)(4)
(a)(2)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☒ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 950,000 |

Other Relief Sought

FORM B104 (08/07), page 2                                            2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| NAME OF DEBTOR<br>TODD ALBERT YOGGY || BANKRUPTCY CASE NO.<br>2:13-BK-29014 |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISIONAL OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>ROBERT KWAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE<br>10/15/13 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>MARTIN F. GOLDMAN |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

```
 1 │ Bar No. 45240
   │ Martin F. Goldman
 2 │ LAW OFFICES OF MARTIN F. GOLDMAN
   │ A Professional Corporation
 3 │ 15910 Ventura Boulevard
   │ Encino, CA 91436
 4 │ Telephone: 310-470-8487
   │ Facsimile: 310-474-0653
 5 │
   │ Attorneys for Plaintiffs/Creditors, Kenneth and Maria Thompson
 6 │
   │ Attorney's File No. 3019.1
 7 │
 8 │              UNITED STATES BANKRUPTCY COURT
 9 │              CENTRAL DISTRICT OF CALIFORNIA
10 │ IN RE                          )   Case No. 2:13-BK-29014-RK
                                    )
11 │                                )   Chapter 7
        TODD ALBERT YOGGY           )
12 │                                )   ADVERSARY COMPLAINT TO
                                    )   DENY DISCHARGE (11
13 │              Debtor.           )   USC§727(a)(4) AND TO DECLARE
                                    )   DEBT NONDISCHARGEABLE (11
14 │ KENNETH M. THOMPSON AND MARIA K.)  USC §523(a)(2)(4))
      THOMPSON,                     )
15 │                                )   ADV. No.
              Plaintiffs,           )
16 │                                )
         -vs-                       )
17 │                                )
      TODD ALBERT YOGGY,            )
18 │                                )
              Defendant.            )
19 │ _____ )
20 │
21 │     COMES NOW, plaintiffs and creditors Kenneth M. Thompson and Maria K. Thompson
22 │ who allege as follows:
23 │                         GENERAL ALLEGATIONS
24 │     1. This court has jurisdiction over this matter pursuant to 28 USC §1334 as a civil
25 │ proceeding arising under Title 11, or arising in or related to a case under Title 11. This adversary
26 │ proceeding is brought under Sections 523 and 727 of Title 11.
27 │     2. This is a core proceeding under 28 USC §157(b)(2), subparts (E)(F)(H) and (I).
28 │     3. The transactions, matter and occurrences herein alleged occurred entirely in the Eastern
```

District of Virginia (Richmond Division) which plaintiffs assert is the proper venue for this action.

4. On or about September 12, 2012, the parties entered into an agreement whereby, in exchange for payment for goods, services and commissions to defendant Yoggy, Yoggy and his business firm, Todd Yoggy Designs, LLC dba Todd Yoggy Design, Inc. (TYD) agreed to provide certain design services and provide certain furniture, furniture reupholstery, carpeting, rugs, draperies, tile, wall coverings, bedding, and related goods to the plaintiff Thompsons, for the total contract price of $218,036.21.

5. On or about September 12, 2012, the Thompsons provided payment to Yoggy and TYD in the amount of $145,390.93 which Yoggy expressly agreed to utilize said fund exclusively for the purchase of certain of the goods contracted for and for deposits as needed on other goods and services to be promptly ordered, in fulfillment of the contract.

6. At the time of said agreement, defendant Yoggy and TYD were informed of and were aware that the Thompsons were building a new home in the Richmond, Virginia area for which these goods and services were to be provided. The Thompsons expected to move into the new home in February, 2013, and the timing of the delivery of the goods and services agreed upon was an essential element of the agreement based on this projected move in date and accordingly, it was agreed and understood by all parties that the timing and delivery of the goods and services was of the essence.

7. TYD is a closely held LLC with Yoggy serving as the sole owner, member and manager, and with Yoggy in sole and exclusive control of all aspects of TYD, including making of all decisions regarding TYD.

8. Plaintiff is informed and believed that Yoggy was regularly and routinely using the monies and assets of TYD for personal personal purposes entirely unrelated to the business operations of TYD, including but not limited to use of monies paid by the Thompsons, to be used for the purchase of goods, and otherwise commingling personal assets with those of TYD in a manner inconsistent with a separate corporate identity and such that TYD is no more than the alter ego of Yoggy.

9. Plaintiff is further informed and believes and alleges that upon the time of the entry into

the agreement between the parties, both Yoggy and TYD were insufficiently capitalized for Yoggy to perform the services under which he had contracted with the Thompsons, and upon which promises to perform the contractual terms and obligations, the Thompsons advanced the aforedescribed payments.

10. Yoggy and TYD have breached the agreement made in September of 2012 by:

 a) Failing or refusing to perform the duties under the contract and/or failing to perform them in a timely manner;

 b) Taking other actions to delay or obstruct the Thompsons in efforts to mitigate their damages;

 c) Otherwise causing undue and unjustified delays in the performance of the contract;

 d) Failing entirely to deliver the goods and services promised;

 e) Failing to deliver the goods promised in a timely manner as required by the contract.

11. Leading up to and at the time of the formation of the contract in September, 2012, and at numerous points thereafter in response to the demands from the Thompsons, defendant Yoggy repeatedly and falsely represented to the Thompsons that it presently had available for immediate or otherwise timely delivery, in sufficient quantities, the products and services sought, contracted for and actually paid for by the Thompsons, and otherwise repeatedly and falsely represented at the time that it had the present ability to fulfill these orders within the time frame specified and required and in general.

12. Yoggy further and falsely represented to the Thompsons at various times after the initial contract date, as an inducement to keep the Thompsons as clients and to have them continue to advance the monies as aforedescribed, that certain orders for goods had actually been placed, deposits made and that there were specific and specified times of delivery.

13. The Thompsons reasonably relied upon these false and present representations of Yoggy in entering into the contract and otherwise relied upon them in remaining subject to the contract thereafter, and in allowing Yoggy to keep the funds paid to them by the Thompsons, with the expectation that Yoggy had the ability to deliver the goods and services as promised.

3

COMPLAINT TO DENY DISCHARGE

14. As a result of the defendant's fraudulent conduct at set forth herein, the Thompsons have suffered damages insofar as Yoggy has failed to refund the monies paid and the Thompsons have had, or will have to purchase and pay for comparable goods and services separately and in addition to the monies already paid to Yoggy and have thereby been damaged in an amount not less than $200,000.

15. Yoggy and TYD are "suppliers" as defined by the <u>Virginia Consumer Protection Act, Virginia Code Section 59.1-196, et seq.</u>

16. The acts and omissions of Yoggy and TYD as previously described herein constitute violations of the Virginia Consumer Protection Act insofar as Yoggy and TYD wilfully

    a) Advertised goods and services to the Thompsons with the intent to not sell them upon the terms advertised;

    b) Used deception, fraud, false pretense, false promise, and misrepresentations in connection with the transaction between the parties;

    c) Failed to disclose the conditions, terms and fees associated with goods returned, exchanged or refunded;

    d) Misrepresented the standards, qualities and/or characteristics of the services to be provided;

    e) Misrepresented that services had been performed, when in fact they had not been performed.

Pursuant to the code violations set forth above, the damages which the Plaintiff has suffered are to be trebled and would further support an award of $350,000 in punitive damages, all to the Plaintiff's damage in the sum of $950,000.00.

17. Thereafter, on and through May, 2013, Yoggy continued to represent both orally and in writing to the Thompsons that goods had been ordered, deposits had been made, full payments had been made, delivery dates had been established and set, items had been custom made and would be available in short future time intervals while, at all relevant times, Yoggy was planning to and in fact did abruptly abandon the business of TYD and Yoggy, in a clandestine manner, fled the greater Richmond, Virginia area, on or about mid-June, 2013 and plaintiff is informed and believes

4

COMPLAINT TO DENY DISCHARGE

relocated to Los Angeles, California at that time.

18. At or about the time of his departure from Richmond, Virginia, actions then pending in the Circuit Court of the City of Richmond had resulted in that court's entry of findings and pretrial determinations to attach the property of defendants.

19. Defendant Yoggy is and was prior to the commencement of this Bankruptcy proceeding, subject to the entry of Judgment upon the Richmond action which was stayed only by the commencement of the Bankruptcy Petition.

20. In connection with the departure from Richmond, Virginia, Yoggy set in motion the liquidation, transfer, and disposal of the significant assets that he had acquired and maintained in the Richmond, Virginia area, including but not limited to:

    a) Residential property located at 707 Spottswood Road, Richmond, Virginia.

    b) Designer furniture, art work, books, jewelry, contracts/works in progress and other assets, not presently known to plaintiffs, who will ask leave of court to amend this allegation when fully ascertained.

21. On or about July 26, 2013, defendant Todd Albert Yoggy, filed a voluntary petition in bankruptcy, under Chapter 7 in the United States Bankruptcy Court, Central District of California.

22. In that petition, defendant Yoggy intentionally and falsely alleged that, "Debtor has been domiciled or has had a residence, principal place of business or principal assets in said district for 180 days immediately preceding the date of his petition or for a larger part of such 180 days than in any other district."

23. Said allegation was intentionally false and misleading, and done with the express intention of seeking to convince the United States District Court, Central District of California, that said district was the appropriate venue for his Chapter 7 proceeding, in spite of the fact that Yoggy remained and continued to do business and reside in Richmond, Virginia, through and including June, 2013.

24. In said bankruptcy petition, Yoggy declared, under penalty of perjury, that the information provided in the petition was true and correct. However, the information contained in said petition and particularly, in Schedule B, Personal Property, he intentionally failed to disclose:

5

COMPLAINT TO DENY DISCHARGE

      a) Debtor's household goods, and furnishings;

      b) Books, pictures, and other art objects, antiques, collections;

      c) Furs and jewelry;

      d) Interests in incorporated and/or unincorporated businesses;

      e) Accounts receivable;

      f) Animals.

25. In the defendant's bankruptcy schedules, defendant further affirmed, under penalty of perjury, that he had made no gifts, or transfers of property other than in the ordinary course of his business.

26. His schedules were materially false in that at his meeting of creditors, held on September 13, 2013, Yoggy described, inter alia:

      a) That he was in the process of selling, transferring, and disposing, of his residence at 707 Spottswood Road, Richmond, Virginia;

      b) That he had disposed of a substantial quantity of household goods and furnishings, books, pictures, and other art objects, furs, jewelry, and clothing, immediately prior and concurrently with his move from Richmond, Virginia to California during the months of April through July, 2013.

27. Plaintiffs are informed and believe that defendant Yoggy has a number of debts still owed to him, and he has failed to list, itemize, and disclose said debts.

**FIRST CLAIM FOR RELIEF**

**(DENIAL OF DISCHARGE)**

28. By this reference, plaintiff incorporates and realleges as though set forth in full, the allegations of paragraphs 1 through 27.

29. Consistent with the conduct alleged above by and which he sought to falsely and intentionally mislead the bankruptcy court as to the place of venue and by which be sought to evade disclosure of his assets, in filing his schedules, "The debtor knowingly and fraudulently, in connection with this case-(a) made a false oath or account, 11 USC §727(a)(4)."

30. The debtor signed his schedules under oath, knowing that he had not disclosed all of his assets and required information, and had intentionally falsified the selection of venue of this

6

COMPLAINT TO DENY DISCHARGE

proceeding.

31. The debtor signed his schedules under oath knowing that he had not disclosed all of his assets and other required information.

32. In doing the things set forth hereinabove, the debtor, defendant herein, with intent to hinder, delay or defraud a creditor or an officer of this estate, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed, his property, within one year before the date of the filing of the petition.

33. In doing the aforesaid acts, the debtor has concealed, destroyed, mutilate, falsified, and failed to keep or preserve recorded information, including books, documents, records and papers, from which the debtor's financial condition or business transactions might be ascertained.

34. Defendant's conduct as described above was knowing and fraudulent, requiring this court to deny discharge pursuant to 11 USC §727(a)(2)(3) and (4).

### SECOND CLAIM FOR RELIEF
### (NONDISCHARGEABILITY)

35. By this reference, plaintiff incorporates and realleges, as though fully set forth herein, the allegations of paragraphs 1 through 26, inclusive.

36. Title 11 USC §523(a)(2) provides that a debtor is not discharged from any debt incurred through fraud or false pretenses. The making of a promise to pay a debt without the intention to pay it satisfies the requirements of §523(a)(2).

In re Anastas,
94 Fed 3d 1280, 1286 (9th Cir 1966)

37. In this case, as alleged above, defendant Yoggy took and obtained funds from plaintiffs Thompsons, at a time when he was financially insecure, had no intention of follow through and performance, utilized said funds for his personal needs, rather than those for the compliance and follow through of the business obligations entered into between the parties, and therefore, when Yoggy represented to Thompson that he intended to perform and follow through on the contract, he clearly had no intention of personally doing so.

38. It is also fundamental that, "The fraudulent intent may be inferred from, among other

7

COMPLAINT TO DENY DISCHARGE

things, repudiation of the promise or failure to attempt performance."

Tenzer v. Superscope (1985)
39 Cal 3rd 18, 30-31

39. In this case, Yoggy continued to falsely and fraudulently represent to the plaintiffs, that goods and services had been rendered and ordered, were on order, were to be delivered, and required further continuing payments to maintain said schedules, while at all times knowing, that he had utilized the funds for other purposes, had no ability or intention to follow through and that he had already undertaken plans to wrongfully and inappropriately abandon the project, by fleeing from Richmond, Virginia to California.

40. In obtaining the funds as described above, defendant Yoggy represented, that said funds would be used solely for the purposes for which they were intended; that said funds would be delivered to him, in a fiduciary capacity, for the purposes of satisfying the purchase of the furniture, furnishings and services in conformance with the contractual agreement between the parties. In diverting those funds, as a fiduciary, defendant Yoggy falsely, and improperly, fraudulently defalcated, and embezzled said funds for his personal use so that said indebtedness should be exempted from discharge, pursuant to 11 USC §523(a)(4).

41. The defendant seeks a declaration of this court that the obligations due and owing to the plaintiffs from defendant as alleged above was obtained by fraud and constitutes a debt that is not dischargeable in bankruptcy pursuant to 11 USC §523 (a)(2).

**WHEREFORE,** plaintiff demands relief against defendants on each claim of relief as follows:

1. For a declaration that debtor is not entitled to a discharge of any of his debts pursuant to 11 USC §727(a)(2), (3), and (4);

2. For a declaration that the obligations due and owing to plaintiffs Thompson, is non-dischargeable pursuant to 11 USC §523(a)(2);

3. For a declaration that the indebtedness due in favor of the Thompsons is not dischargeable, pursuant to 11 USC §523(a)(4);

4. For the entry of a Judgment in favor of plaintiffs Thompson and against defendant Yoggy,

1 | in the amount of $950,000, or, according to proof.
2 |     5. For costs of suit incurred herein;
3 |     6. For such other and further relief as this court deems just and proper.
4 | DATED: October 16, 2013

                LAW OFFICES OF MARTIN F. GOLDMAN

                BY _____
                      MARTIN F. GOLDMAN
                      Attorney for Plaintiffs, Thompson